IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>                Plaintiff,<br><br>      v.<br><br>CHARLES P. RETTIG, *et al.,*<br><br>                Defendants. | Case No. 3:23-cv-00046-SLG |

## **ORDER OF DISMISSAL**

On March 2, 2023, self-represented litigant Festus O. Ohan ("Plaintiff") filed a civil complaint ("Complaint") and paid the filing fee.[1] Plaintiff seeks to reopen a prior case[2] and alleges "serious violation[s] of [his] rights, Racketeer Influenced and Corrupt Organizations Act."[3] On March 14, 2023, Plaintiff filed a "Notice of Filing" containing additional pages of handwritten narrative that he requested the Clerk to file in the nine cases he has initiated in the District of Alaska in 2022 and 2023.[4]

---

[1] Docket 1.

[2] *See* Docket 1 at 3 (stating the "case was partially closed" and he is "reopening it with full force and effect"); *see also* Docket 2 at 1 (listing Case No. 3:22-cv-00011-SLG as a related case).

[3] Docket 1 at 1.

[4] *See* Docket 3 (listing the following cases: (1) *Ohan v. Rettig,* 3:23-cv-00046-SLG; (2) *Ohan v. American Medical Association*, 3:23-cv-00047-SLG; *Ohan v. North Atlantic Treaty Organization,* 3:22-cv-226-RRB; (4) *Ohan v. ABN AMRO*, 3:22-cv-00212-RRB; (5) *Ohan v. Fontoura*, 3:22-cv-00207-RRB; (6) *Ohan v. U.S. Department of Justice*, 3:22-cv-00221-RRB; (7) *Ohan v. Schmidt*, 3:22-cv- 00182-JMK; (8) *Ohan v. Rettig*, 3:22-cv-00011-SLG; and (9) *Ohan v. Zion,* 3:22-cv-00266-JMK).

Plaintiff has paid the filing fee, and non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements. Nonetheless, "federal courts are under an independent obligation to examine their own jurisdiction[.]"[5] To the extent the Court can decipher the Complaint, it is immediately apparent that the Complaint is fundamentally flawed. Plaintiff does not provide—and the Court finds no basis—to reopen his closed case. Further, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, asserts facts[6] that are likely time-barred by the statute of limitations,[7] and brings claims previously dismissed, and lacks a factual or legal basis. Even liberally construed, the Complaint fails to state a claim upon which relief could be granted.

## DISCUSSION

It appears that Plaintiff seeks to reopen *Ohan v. United States,* Case No. 3:22-cv-011-SLG, by filing a new Complaint against Charles P. Rettig, former Commissioner for the Internal Revenue Service ("IRS")[8]; Brian Wooten, Director

---

[5] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[6] *See* Docket 1 at 3 (Claim 1: 1976 to present); Docket 1 at 4 (Claim 2: 1994-2018); Docket 1-1 at 3 (receipt dated 2006); Docket 1-1 at 4 (letter from the California tax Board regarding tax years 2005, 2009, and 2012); Docket 1-1 at 5 (Income Reference Sheet from 2014).

[7] *See* STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019) ("[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered.)")

[8] Charles Rettig's term ended on November 12, 2022, and Doug O'Donnell was selected to serve as the acting IRS Commissioner. *See* https://www.irs.gov/newsroom/irs-statement-doug-odonnell-to-serve-as-acting-commissioner. The Court may take judicial notice of information made publicly available by government entities, such as information posted on the government

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 2 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 2 of 10

of Collections for the California Franchise Tax Board; Michelle Johnson, accountant for the IRS; the IRS; and the California Franchise Tax Board.[9] The Court takes judicial notice[10] of Plaintiff's other federal cases involving the same defendants and seemingly related claims.

In *Ohan v. United States*,[11] Plaintiff initially named Defendant Charles Rettig as a defendant.[12] The United States filed a motion to dismiss Plaintiff's claims for lack of subject-matter jurisdiction and for failing to "present sufficient factual allegations to state a plausible claim for relief."[13] The Court dismissed Plaintiff's claim regarding his tax refund with prejudice for lack of jurisdiction, but granted leave to amend his remaining claims, which were undiscernible.[14] The Court ultimately dismissed the case with prejudice for failing to comply with the Court's order regarding amending his complaint and because Plaintiff's subsequent filings could not be construed as an amended complaint or notice of voluntary dismissal.[15]

---

entity's website. Fed. R. Evid. 201(b)(2); see also *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

[9] Docket 1 at 2.

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

[11] Case No. 3:22-cv-011-SLG.

[12] See *Ohan v. United States of America,* Case No. 3:22-cv-011-SLG, Docket 7 (order granting the defendant's motion to substitute the United States of America as the sole defendant).

[13] *Id.*

[14] *Id.* at Docket 16 at 5-6 (noting Plaintiff's hand-written annotations were often illegible or unintelligible or unrelated to the case).

[15] *Id.* at Dockets 20-21.

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 3 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 3 of 10

Plaintiff did not file a motion for reconsideration or an appeal to the Ninth Circuit after a final judgment was entered in that case. Instead, he continued to submit nonprocedurally compliant filings in that case[16] and filed this new case.

In *Ohan v. Fontura,* Case No. 3:22-cv-00207-RRB, Plaintiff also named Charles Rettig as a defendant, included allegations against the California tax board in his narrative,[17] and provided a copy of an order from the U.S. Tax Court within the various documents he filed with the Court.[18] The Court found *Ohan v. Fontura* and three other cases fundamentally similar and dismissed all four in a joint order.[19] The Court found multiple procedural and substantive deficiencies, such as naming defendants who are immune from suit, bringing claims previously dismissed, asserting claims that are outside the jurisdiction of the Court, or failing to provide a factual or legal basis.[20]

Then, in *Ohan v. Zion, et al.,* the Court found Plaintiff's initial complaint "lack[ed] jurisdiction over Plaintiff's claims or the claims [were] unsupported by any cognizable legal theory[,]" but granted leave to amend. After Plaintiff filed a First

---

[16] *Id.* at Docket 26.

[17] Case No. 3:22-cv-00207-RRB, Docket 1 at 2.

[18] Case No. 3:22-cv-00207-RRB, Docket 9 at 2.

[19] Case No. 3:22-cv-00207-RRB, Docket 19.

[20] *Id.* See also *Ohan v. ABN AMRO et al,* Case No. 3:22-cv-00212-RRB (naming a mortgage group and Los Angeles County public officials as defendants in connection with foreclosure of his house); *Ohan v. U.S. Department of Justice et al,* Case No. 3:22-cv-00221-RRB (naming U.S. Departments of Justice, Treasury and State, along with U.S. Congress as defendants); *Ohan v. North Atlantic Treaty Organization, et al.,* 3:22-cv-00226-RRB (naming North Atlantic Treaty Organization (NATO), United Nations, European Union, and United Kingdom as defendants).

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 4 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 4 of 10

Amended Complaint, the Court dismissed the case finding it suffered from the same deficiencies, such that amendment would be futile.[21] Despite guidance from the Court, Plaintiff has been unable or unwilling to state a claim upon which relief could be granted. He fails to comply with Court orders and continues to submit non-procedurally compliant filings in open and closed cases.[22]

## I. Failure to State a Claim Upon Which Relief Can Be Granted

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[23] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[24] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[25]

A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least one inch around all text.[26] A complaint should set out each claim for relief separately and include

---

[21] Case No. 3:22-cv-00207-RRB, Docket 19.

[22] See, e.g., *Ohan v. U.S.A.,* Case No. 3:22-cv-00011-SLG, Docket 26 ("Order Re Post-Judgment Filings: No action will be taken by the court with respect to the post-judgment filings. Any request for relief from judgment must be in the form of a motion and must comply with the applicable Federal Rules of Civil Procedure.").

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[25] *Ashcroft*, 556 U.S. at 678.

[26] *See* Alaska L. Civ. R. 7.5.

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 5 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 5 of 10

specifics about how each named defendant is involved in causing an injury to the plaintiff.[27] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[28]

The Complaint here is neither short nor plain and does not set forth facts that could state a viable claim for relief. The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[29] Plaintiff's narrative contains unintelligible claims concerning conspiracy, harassment, stolen wealth, foreclosed property, garnished wages, psychiatric hospitalizations, and personal injury.[30] He includes allegations against individuals not named as defendants, events not reasonably related to or involving the named Defendants, and repeats meritless and duplicative claims raised in previous cases. Plaintiff's extensive narrative fails to explain (1) the specific harm that occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Further, even if the Court could discern a plausible claim, the alleged events appear to be time-barred by the statute of limitations. If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[31] Read as a

---

[27] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[28] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[29] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[30] *See generally,* Docket 1.

[31] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 6 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 6 of 10

whole and liberally construed, the Complaint fails to state a claim upon which relief can be granted. Therefore, the Complaint is DISMISSED.[32]

## II. Plaintiff is Precluded from Bringing Previously Adjudicated Claims

A court may on its own initiative dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties has been dismissed. Dismissal with prejudice prevents subsequent refiling is because it is considered an "adjudication on the merits."[33] Once a plaintiff's claim is adjudicated, a person is precluded from bring the same claim again against those parties or those in privity with those parties.[34] Further, a case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[35]

Based on Plaintiff's stated intention to reopen his closed case, and from what the Court can discern from review, Plaintiff is realleging claims that were previously dismissed with prejudice. Further, by including multiple case numbers on his cover sheet at Docket 3, the Court recognizes that Plaintiff evidently intends

---

that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

[32] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[33] Fed. R. Civ. P. 41(b).

[34] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005) (a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). See also *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (preclusion applies when "the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.").

[35] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 7 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 7 of 10

for his cases to be related. Except for allegations under RICO discussed below, the Court cannot discern any claims that have not been brought before the Court. Thus, aside from failing to state a claim, there is additional basis for dismissal of the present action as it "merely repeats pending or previously litigated claims."[36]

### III. Racketeer Influenced and Corrupt Organizations Act ("RICO")

Because Plaintiff's previous filings are so convoluted, the Court is unclear if he previously attempted to bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). But even if this is the first time Plaintiff raises RICO, the addition of this claim cannot "revive an already barred action."[37] A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.[38] And in any event, allegations of foreclosures and "towing" of Plaintiff's car are insufficient to state a plausible RICO claim.[39] Therefore, this claim is DISMISSED.

### IV. Amendment is Futile

If a court dismisses a complaint, then as a general rule it "should grant leave to amend even if no request to amend the pleading was made, unless it determines

---

[36] *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (citations omitted).

[37] *Hiser v. Franklin,* 94 F.3d 1287, 1291 (9th Cir. 1996) (explaining a mere change in legal theory asserted cannot revive an already barred action.).

[38] *Allen v. McCurry*, 449 U.S. 90, 94, (1980) (internal citation omitted).

[39] See *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 940–41 (9th Cir. 2006) (foreclosure on properties for which mortgage debt had been discharged in bankruptcy proceedings is not actionable under RICO).

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 8 of 10

that the pleading could not possibly be cured by the allegation of other facts."[40] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[41] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[42]

Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of this Court and fails to present viable claims for the Court's adjudication. The Court finds that according to Plaintiff leave to attempt to file an amended complaint to cure the deficiencies identified in this order would be futile. While the Court is not providing Plaintiff an opportunity to amend his Complaint in this case, he has had multiple opportunities to plead his case. Therefore, this case is DISMISSED.

---

[40] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[41] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[42] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 9 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 9 of 10

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Complaint is DISMISSED.

2. Any pending motions are DENIED AS MOOT.

3. The Clerk of Court shall issue a Final Judgment accordingly.

DATED this 21st day of July 2023, at Anchorage, Alaska.

                                       */s/ Sharon L. Gleason*
                                       UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00046-SLG, *Ohan v. Rettig, et al.*
Order of Dismissal
Page 10 of 10
Case 3:23-cv-00046-SLG   Document 4   Filed 07/21/23   Page 10 of 10